UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:19-CR-00026-GNS-HBB-4

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

**VS.**

**CHARLES EDWARD DENSON**                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

This matter is before the Court on Defendant Charles Edward Denson's motion to modify his bond (DN 81). The United States has filed a response (DN 87). Denson has not filed a reply.

Denson was indicted by the Grand Jury on May 22, 2019 and charged with conspiracy to distribute methamphetamine and distributing methamphetamine (DN 1). The undersigned conducted a detention hearing and released Denson on bond with the condition that he participate in an in-patient treatment program for substance addiction (DN 20, 23). On October 31, 2019, Denson's supervising Probation Officer reported that Denson had been unsuccessfully discharged from the in-patient treatment program. On November 4, 2019 Magistrate Judge King conducted a bond revocation hearing (DN 34). Notwithstanding Denson's contention that his termination from the program was unwarranted, Judge King concluded that Denson had violated the terms of his appearance bond and that there were no conditions which could reasonably assure the safety of the community (Id.). Judge King ordered the bond revoked, and Denson remanded to custody (Id.).

Denson's present motion indicates that he is eligible for re-admission to the treatment program, noting that his prior discharge was "for reasons unrelated to substance abuse" (DN 81 PageID 143). He also asserts that he is at high risk for complications related to COVID-19, and the jail where he is housed is experiencing an outbreak (Id.). The United States responds that Denson has failed to demonstrate any basis for reconsideration of his bond and that his concerns abut COVID-19 do not rise to a level justifying his release (DN 87).

## DISCUSSION

18 U.S.C. § 3142(f)(2) governs motions for reconsideration of the order of detention. That statute provides in pertinent part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Here, Denson presents no new information other than his apparent eligibility for re-admission to the treatment program. While this may be a new development or changed circumstance since the revocation hearing, it amounts to no more than a plea for a second chance at treatment (*see, e.g.* DN 50, letter from Denson to Judge King requesting release for treatment), the same argument Judge King rejected at the revocation hearing.

As for Denson's concerns about susceptibly to COVID-19: "[A] defendant should not be entitled to temporary release . . . based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary . . . ."

United States v. Shelton, No. 3:19-CR-14, 2020 U.S. Dist. LEXIS 62655, at *10 (W.D. Ky. April 9, 2020) (quoting United States v. Clark, 448 F. Supp. 3d 1152, 1156-57 (D. Kan. 2020)). Here, Denson only presents the bare statement that he is at "high risk to suffer complications related to COVID-19" (DN 81 PageID 143). He does not explain the underlying condition which presents a higher risk of complications. He further states that the jail is experiencing an outbreak but does not address what steps the jail is implementing to combat the outbreak or why those efforts are ineffective. In sum, Denson's skeletal assertions are insufficient to establish a compelling reason for relief.

## CONCLUSION

**WHEREFORE**, Denson's motion to modify the bond (DN 81) is **DENIED**.

*H. Brent Brennenstuhl*
H. Brent Brennenstuhl
United States Magistrate Judge

February 17, 2021

Copies:   Counsel of Record